Charles E. Harrell
GUNN CAIN & KINNEY LLP
700 Deborah Road, Suite 250
Newberg, OR  97132
Phone:  (503) 538-8318
Fax: (503) 537-0591

      Of Attorneys for Debtors-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>SLAVIC S. KOTSYUBCHUK and TANYA F. KOTSYUBCHUK,<br><br>      Debtors-in-Possession. | Case No.: 08-32366-rld11<br><br>**AMENDED** APPLICATION OF DEBTORS-IN-POSSESSION FOR AUTHORITY TO EMPLOY ATTORNEY (GUNN CAIN & KINNEY LLP) |

The Debtors-in-Possession, Slavic S. Kotsyubchuk and Tanya F. Kotsyubchuk ("Debtors"), respectfully represent:

1.      Debtors have filed a petition under Chapter 11 of the Bankruptcy Code.

2.      Debtors wish to employ the firm of GUNN CAIN & KINNEY LLP, attorneys duly admitted to practice in this court, as its attorney in this proceeding.

3.      Debtors have selected GUNN CAIN & KINNEY LLP for the reason that it has experience in the legal matters of the Debtors, having represented the Debtors and the Debtors' affiliates as general counsel for a number of years.  GUNN CAIN & KINney also has experience in bankruptcy law, and attorneys within the firm have worked on other Chapter 11 cases.

4.      The professional services that GUNN CAIN & KINNEY LLP are to render include: (a) to give Debtors legal advice with respect to their powers and duties as debtors-in-possession in the operation of their business; (b) prepare the Chapter 11 disclosure statement and plan of reorganization; (c) assist the Debtors with the administration of the Chapter 11 Plan of

Reorganization; (d) to institute such adversary proceedings as are necessary in the case; (e) to represent Debtors generally in the proceedings and to propose on behalf of Debtors as Debtors-in-Possession necessary applications, answers, orders, reports, and other legal papers; and (f) to perform all other legal services for the Debtors-in-Possession to employ an attorney for such professional services.

5.    To the best of Debtors' knowledge, GUNN CAIN & KINNEY LLP has no connection with the creditors or any other adverse party or its attorneys.

6.    GUNN CAIN & KINNEY LLP represents no interest adverse to the Debtors as debtors-in-possession or to the estate in the matters upon which it is to be engaged, and its employment would be in the best interests of the estate.

7.    The proposed rate of compensation, subject to final court approval, is the customary, hourly rates in effect when services are performed by the attorneys, paralegals, legal assistants and staff who provide services to the Debtors-in-Possession.  The proposed terms of employment are as set forth in the Attorney/Client Fee Agreement, a copy of which is attached as Exhibit A, and which has been executed by the Debtors and GUNN CAIN & KINNEY LLP.  The current hourly rates are as follows:

| | |
|---|---|
| Jessica S. Cain | $225.00 |
| Kevin J. Kinney | $225.00 |
| Sally D. Robinson | $200.00 |
| Todd W. O'Brien | $200.00 |
| Charles E. Harrell | $185.00 |
| Demetri H. Tsohantaridis | $165.00 |
| Heidi L. Cunningham, Paralegal | $110.00 |
| Julie C. Anderson, Paralegal | $110.00 |
| Anita Nikki Simerly, Legal Assistant | $100.00 |
| Kathie A. Schumacher, Office Manager/Bookkeeper | $90.00 |

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise in this area of the law.

WHEREFORE, Debtors-in-Possession pray that they be authorized to employ and appoint the firm of GUNN CAIN & KINNEY LLP to represent them as Debtors-in-Possession in this proceeding under Chapter 11 of the Bankruptcy Code.

Debtors further pray for an Order approving the terms and conditions of the Attorneys' employment as set forth in the Attorney/Client Fee Agreement attached hereto as Exhibit A.

DATED:        July 2, 2008

Respectfully submitted,

GUNN CAIN & KINNEY, LLP


/s/ Charles E. Harrell
Charles E. Harrell, OSB No.: 012761
of Attorneys for Debtors-in-Possession


/s/ Slavic S. Kotsyubchuk
Slavic S. Kotsyubchuk


/s/ Tanya F. Kotsyubchuk
Tanya F. Kotsyubchuk



# Gunn Cain & Kinney LLP

Newberg Office:
700 Deborah Rd. Suite 250
Newberg, OR 97132
tel. (503) 538-8318
fax (503) 537-0591

Michael G. Gunn*
Jessica S. Cain
Kevin J. Kinney
Sally D. Robinson
Todd W. O'Brien
Charles E. Harrell
Demetri H. Tsohantaridis

*Retired

McMinnville Office:
825 NE Evans St.
McMinnville, OR 97128
tel. (503) 472-1261
fax (503) 435-2029

www.gckattorneys.com

July 2, 2008

Mr. Slavic Kotsyubchuk
Mrs. Tanya Kotsyubchuk
P.O. Box 2281
Clackamas, OR  97015

     Re:    Personal Chapter 11 Bankruptcy

Dear Slavic and Tanya:

    Thank you for selecting our law firm, Gunn Cain Kinney LLP to represent you in this matter. We recently met to discuss your case on and we have agreed to represent you in connection with the filing of your Chapter 11 Bankruptcy petition. <u>This Fee Agreement supersedes and replaces the Fee Agreement dated and signed on May 20, 2008</u>. Only the terms of this Fee Agreement will apply to our representation of you in this Chapter 11 case.

    This letter is being sent to you to establish the terms and agreement of our representation of you with regard to your Chapter 11 Bankruptcy petition. In this letter, the terms the "Firm", "us", "our" or "we" refer to the law firm of GUNN CAIN & KINNEY LLP, and the terms the "Client", "your" and "you" obviously refers to you. In this letter, the terms "Fee Agreement" and "letter" refer to this Fee Agreement.

    At this time we wish to set forth our agreement regarding payment of our fees. Legal services performed by lawyers in this firm shall be billed at the following rates:

| | |
|---|---|
| Jessica S. Cain | $225.00 |
| Kevin J. Kinney | $225.00 |
| Sally D. Robinson | $200.00 |
| Todd W. O'Brien | $200.00 |
| Charles E. Harrell | $185.00 |
| Demetri H. Tsohantaridis | $165.00 |

    Legal services performed by paralegals shall be billed at $110.00 per hour and services performed by legal assistants shall be billed at the rate of $100.00 per hour. All other legal support staff shall be billed at $90.00 per hour. Attorney and support staff time is recorded in six-minute, or one-tenth of an hour, increments.

Charles E. Harrell and Jessica S. Cain will be the attorneys primarily providing the legal services to you.  However, any of the other attorneys in this Firm may provide legal services with regard to your matter if the primary attorney believes that is in the best interest of your matter.  Further, if the Firm hires any new lawyers after that date of this Fee Agreement, any of those lawyers may also provide legal services for your matter if it is in the best interest of your matter.

Our goal is to provide you with excellent legal services.  *The Client understands the hourly rates stated are subject to periodic increase without any notice from the Firm*; provided, however, that such an increase will occur only once per year. Occasionally we may suggest or recommend that it is in your best interest the Firm should consult with another attorney (not associated with the Firm) about issues in your case, other than on a contract basis.  Before we do this, we will have to get approval from the Bankruptcy Court and we will discuss the issue with you and ask you to decide whether you want to retain the attorney as a consulting attorney on the case.

The Firm will also bill you for any expenses related to your case, such as filing fees, deposition charges, copying costs in excess of 100 copies, postage in excess of $5.00 per item, and related expenses.  We also charge a one-time file set-up fee of $100.00.  The Firm will send you bills approximately every month, depending on the amount of work that was done on your file during that period of time.

You are required to deposit $7,544.00 with the Firm for anticipated initial fees and costs, which we acknowledge that we received on May 21, 2008.  The Firm will hold your funds in our Lawyer's Trust Account.  We will provide you with a monthly statement of fees, costs, and expenses. An order from the Bankruptcy Court approving the payment of our attorneys' fees must be obtained before we apply your retainer to outstanding fees earned, costs and expenses incurred during the previous billing period.  You are also responsible for paying fees, costs, and expenses in excess of the funds that the Firm holds in our Lawyer's Trust Account on your behalf, after court approval as mentioned above.

The following terms and conditions also apply to our attorney-client relationship:

1.      *You understand and agree that the Firm has not accepted the case and will not act as your attorney until you have signed this Fee Agreement and paid the retainer.*  Any unearned portion of the retainer will be returned to you at the end of the case, even though the retainer may have been deposited on your behalf by a third party.  You can choose to return the money to the third party upon written notice to the Firm.

2.      You understand and agree that fees and costs will be billed as appropriate and that any balance owing is due upon Bankruptcy Court approval of those fees, minus any Bankruptcy Court required hold back.

Letter to Slavic and Tanya Kotsyubchuk
July 2, 2008
Page 3

   3.  You agree to pay to the Firm, *in addition to any fee charged,* all out-of-pocket costs incurred by the Firm on your behalf or in connection with your case. You understand and agree that you are responsible and liable for all fees charged by other professionals for work on the case. You acknowledge that the application of the retainer is for an attorney's hourly services and not for payment of out-of-pocket costs associated with representing you. You agree that you will pay those fees as agreed with the other professional(s), and that the Firm is not liable as your agent for those fees.

   4.  You agree that you have been informed and acknowledge that the Firm has no responsibility to hire outside professionals such as appraisers, accountants, bookkeepers, expert witnesses, etc., unless you pay those costs in advance to the Firm. You understand that the Bankruptcy Court must also approve all professionals before starting work or the Court will deny payment to the professional.

   5.  You agree and acknowledge that you have been informed of the Bankruptcy Court's rule requiring the filing of a "Monthly Operating Report " (Rule 2015 Report) on the Court's form by the 15th day of each succeeding month. The form of such report has been provided to you with this Fee Agreement. You assume all responsibility for completing said Rule 2015 Report and delivering it to the Firm's office no later than the 10th day of the calendar month in which filing of the Rule 2015 Report is due. You acknowledge and understand that failure to timely file the Rule 2015 Report can result in dismissal of the Chapter 11 proceeding.

   6.  You agree and understand that, if asked by the Firm, you agree to perform all mailings required by the Bankruptcy Code or Rules. You agree to pay the costs thereof separately. The Firm assumes no responsibility for advancing the costs of major mailings in the Chapter 11 case. You acknowledge that the Firm has advised you that there could be several major mailings during the course of a Chapter 11 case and that the costs of printing and postage for such mailings are significant costs. You may be required to send documents to each of your creditors in connection with each such mailing. You agree to pay the mailing costs in advance of such mailings directly to the company that will be performing such mailings, if any.

   7.  You agree to cooperate with the Firm, to complete all forms requested by the Firm and to provide the Firm with all information necessary to enable the Firm to represent your best interests. If you unreasonably decline to cooperate, or should you knowingly provide the Firm with false or fraudulent information or testify untruthfully in any matter before the Bankruptcy Court or US Trustee, you agree that the Firm shall have the right to immediately resign.

   8.  If requested by the Firm, you agree to hire an outside financial consultant acceptable to the Firm for the purpose of analyzing the business to determine what steps and procedures will be required for a successful reorganization. You agree to implement the steps and procedures called for by the consultant, if the Creditors Committee and the Firm so recommend. If you refuse to implement the steps and procedures, you agree that the Firm shall have the right to resign from the

Letter to Slavic and Tanya Kotsyubchuk
July 2, 2008
Page 4

case.    You acknowledge and agree that such recommendations may call for a change of management and you agree to change management if so recommended by the consultant, the Creditors Committee and the Firm.

9.    You acknowledge and agree that the Firm has advised you that the actual attorneys' fees and expenses, considering the size and complexity of the case, will be substantial.  You acknowledge that the Firm has advised you that, under the rules of the Bankruptcy Court, the Firm has the right to submit an application for payment of fees to the Bankruptcy Court in accordance with the Bankruptcy Court's rules, which will be done as frequently as the Bankruptcy Court rules permit. Unless the Court allows more frequent applications, the Court currently considers applications three (3) times per year, on February 10, June 10 and October 10.  Such petitions for fees, when approved, will be paid from your post-petition income.

10.    You acknowledge and agree that the Firm does not undertake to give you any tax advice.  You agree to consult with your own accountant or competent tax counsel with respect to all tax issues.

11.    You agree to submit to the jurisdiction of the Bankruptcy Court for any dispute between you and the Firm about the amount or reasonableness of any legal fee imposed by the Firm. You hereby agree to be bound by the results of said Bankruptcy Court decision.

12.    You understand and acknowledge that the Firm will use its best effort in representing you.  You acknowledge that the Firm has given you no assurances about the outcome of matters being handled by the Firm, except that it is impossible to determine in advance the amount of time that will be needed to complete the case.

13.    You understand and agree that it is not the responsibility of any other person to pay your attorney fees and costs with regard to this matter, even though the Firm may ask the court to order another person to pay part or all of your attorney fees and costs.  You understand and acknowledge that the responsibility to pay your attorney fees and costs lies solely with you. You understand and acknowledge that awards of attorney fees and costs by the court are totally unpredictable and that it is you alone who has hired and must pay the Firm.

14.    You understand and agree that you are required to fully cooperate with the Firm and others working on the matter.  You understand and agree that you will keep the Firm advised of all matters which may have a bearing on the case, be truthful with the Firm at all times, follow through with all agreements made with the Firm, keep appointments, give depositions, produce documents, respond promptly to the Firm's letters, appear for scheduled court appearances, and keep the Firm informed of any change of your mailing address, physical address and telephone number or employment within five (5) days of the change.  You understand and agree that if you fail to appear at any given court hearing or trial, you authorize the Firm to exercise discretion and proceed in

Letter to Slavic and Tanya Kotsyubchuk
July 2, 2008
Page 5

whatever manner the Firm sees fit.

15.    You understand and agree that the Firm is not required to complete work on the case and that we may request that the Bankruptcy Court allow us to withdraw as your attorney at any time if you fail to comply with the exact terms of this Fee Agreement.  You understand and agree that the Firm will send written notice of intent to withdraw to your last known address on file with the Firm, and that the Firm does not need to give you any other notice.

16.    You understand and acknowledge that failure of the Firm at any time to require strict performance of any provision of this Fee Agreement shall not limit the Firm's right to enforce the provision, nor shall any waiver by the Firm of any breach of any provision be a waiver of or prejudice the Firm's right otherwise to demand strict performance of the provision or any other provision of this Fee Agreement.

**17.    You acknowledge that you are free to review this Fee Agreement with another attorney before signing it, and that the Firm recommends that you review this Fee Agreement with another, independent attorney.**

The Firm will send you copies of all pleadings, documents, correspondence, and other information throughout the case. These copies will be your file copies. The Firm will also keep the information in a file in the Firm's office. The file in the Firm's office will be our copy of your file. Please bring your file to all of our meetings so that we both have all of the necessary information available to us. When the Firm has completed all the legal work necessary for your case, the Firm will close the file and return the original documents to you. The Firm will then store the file for approximately ten (10) years.  The Firm will destroy the file after that period of time unless you instruct us in writing now to keep it longer.

We have included a copy of this Fee Agreement for you to review, sign, and return to us. If any of the information in this Fee Agreement is not consistent with your understanding of our agreement, please contact me before signing the Fee Agreement. Otherwise, please sign the enclosed copy and return it to us.

On behalf of the Firm, we appreciate the opportunity to represent you in this matter. If you have any questions, please feel free to call.

Yours very truly,

*/s/ Charles E. Harrell*
Charles E. Harrell
harrell@gckattorneys.com

Letter to Slavic and Tanya Kotsyubchuk
July 2, 2008
Page 6


CEH:jlr
Enclosure
The Client agrees that the terms of this Fee Agreement are acceptable to the Client, and will sign the enclosed <u>copy</u> of the Fee Agreement in the space provided and return it to the Firm.  The Client understands that the Firm cannot proceed further until this Fee Agreement is signed.  You acknowledge and agree that you have signed this Fee Agreement by your own free will.


**I HAVE READ THIS AGREEMENT, HAVE RECEIVED A COPY OF IT, AND AGREE TO THE TERMS AND CONDITIONS AS STATED. THERE ARE NO VERBAL AGREEMENTS BETWEEN ME AND THE FIRM MODIFYING OR EXPANDING THE TERMS OF THIS AGREEMENT.**


| */s/ Slavic Kotsyubchuk* | July 2, 2008 |
|---|---|
| Slavic Kotsyubchuk:  (the "Client") | Date |


| */s/ Tanya Kotsyubchuk* | July 2, 2008 |
|---|---|
| Tanya Kotsyubchuk:  (the "Client") | Date |